2005 WY 126

## In the matter of the ESTATE OF Laughlin Richard BURNS, Deceased.

Montgomery–Stryker Funeral Home, Inc., Appellant (Claimant),

v.

Vanessa West, as Administrator of the Estate of Laughlin Richard Burns, Deceased, Appellee (Respondent).

No. 05–21.

Supreme Court of Wyoming.

Sept. 30, 2005.

Representing Appellant: Dennis C. Cook and Julie M. Wickett, Cook & Associates, P.C., Laramie, Wyoming.

Representing Appellee: Jo Ann Fulton, Fulton Law Office, Laramie, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Montgomery–Stryker Funeral Home, Inc. (Montgomery–Stryker), challenges the Order Approving Final Report and Accounting and Decree of Distribution entered by the probate court. Finding that the order was entered prematurely, we vacate the order and remand this case for further proceedings consistent with this opinion.

### ISSUES

[¶ 2] Montgomery–Stryker presents the following issues:

I. Whether Appellee violated her fiduciary duty as personal representative by filing a Final Report, Accounting and Petition for Distribution that was both defective and premature?

II. Whether the District Court erred when it entered its December 16, 2004, Order Approving Final Report and Accounting and Decree of Distribution in this case?

We find Montgomery–Stryker's second issue dispositive and limit our discussion to resolution of this issue.

### FACTS

[¶ 3] Laughlin Richard Burns died intestate on February 19, 2003, in Laramie, Wyoming. Decedent's daughter, Vanessa West, entered into a contract with Montgomery–Stryker to provide funeral and burial services for Mr. Burns. On May 14, 2004, Ms. West was appointed personal representative of the estate. A notice of probate was published which required the filing of creditor's claims by August 19, 2004. On August 11, 2004, Montgomery–Stryker filed a creditor's claim seeking $4,627.11, consisting of $3,439.97 for services rendered plus interest and $1,187.14 for attorney's fees and costs.

[¶ 4] According to Montgomery–Stryker, on August 23, 2004, it received a document

purporting to partially allow its claim for $3,439.97 and rejecting the balance of the claim.[1] Believing its claim had been rejected, Montgomery–Stryker initiated an action in circuit court seeking judgment for the full amount of its claim.[2] On October 1, 2004, the personal representative filed a motion to dismiss for lack of subject matter jurisdiction in the circuit court action alleging that Montgomery–Stryker was precluded from filing suit because its claim had not been rejected in accordance with Wyo. Stat. Ann. § 2–7–717.[3] That same day, the personal representative filed an Administrator's Allowance of Claim in the probate court allowing Montgomery–Stryker's original claim in its entirety.

[¶ 5] Two days after the circuit court denied the motion to dismiss, the personal representative took steps to close the estate. A Final Report, Accounting and Petition for Distribution (Final Report) was filed on December 15, 2004. A Notice of Final Settlement of Estate was also filed which established January 15, 2005, as the last date to file objections to the final report.[4] The probate court entered its Order Approving Final Report and Accounting and Decree of Distribution on December 16, 2004. On December 23, 2004, Montgomery–Stryker filed an objection to the Final Report asserting its claim was still unresolved. This appeal followed.

## DISCUSSION

[¶ 6] Montgomery–Stryker claims the entry of the Order Approving Final Report and Accounting and Decree of Distribution was improper for several reasons, 1) the Final Report was defective and prematurely filed by the personal representative because its creditor's claim was not resolved due to the pending litigation in the circuit court; 2) the order was entered prior to the expiration of the objection period; and 3) the order was entered without holding a hearing as required by Wyo. Stat. Ann. § 2–7–811(c) (LexisNexis 2003).

[¶ 7] When an estate is ready to be closed, the personal representative must file a final report, accounting and petition for distribution. Wyo. Stat. Ann. § 2–7–811(a) (LexisNexis 2003). A hearing on this final report must be set and notice of that hearing

---

1. Although the document was signed by the personal representative and acknowledged before a notary public, the personal representative did not file the document and did not send it to Montgomery–Stryker by certified mail as required by statute:

    § 2–7–712. *Allowance and Rejection of Claims.*

    (a) When a claim, accompanied by the affidavit required in W.S. 2–7–704, has been filed with the clerk, the personal representative shall allow or reject it and his allowance or rejection shall be in writing and **filed with the clerk** within thirty (30) days after the expiration of the time for filing claims.

    (b) If the claim is filed with the clerk before the expiration of the time limited for the filing of claims, the same is filed in time though acted upon by the personal representative after the expiration of such time.

    ...

    (d) When a claim has been filed with the clerk and is rejected in whole or in part, the personal representative shall immediately upon rejection notify the claimant by **certified mail.**

    Wyo. Stat. Ann. § 2–7–712 (LexisNexis 2003) (emphasis added).

2. Wyo. Stat. Ann. § 2–7–718 (LexisNexis 2003) states, "[w]hen a claim is rejected and notice given as required, the holder shall bring suit in the proper court against the personal representative within thirty (30) days after the date of mailing the notice, otherwise the claim is forever barred."

3. Wyo. Stat. Ann. § 2–7–717 (LexisNexis 2003) provides that "[n]o holder of any claim against an estate shall maintain any action thereon unless the claim is first rejected in whole or in part by the personal representative and the rejection [is] **filed** with the clerk ..." (emphasis added).

4. Wyo. Stat. Ann. § 2–7–204(a) (LexisNexis 2003) provides:

    When an estate is in condition for final settlement, but not less than three (3) months after the date of the first publication of the notice of opening the probate, the personal representative shall give notice that he has filed in the office of the clerk of court a final account and petition for distribution, where anyone interested may examine and file objections thereto in writing at any time within ten (10) days after the day mentioned in the notice, naming the last day on which any objections may be filed. The notice shall state if no objections are filed within the time allowed, he shall make final settlement of the estate on the day following the last day for filing objections or as soon thereafter as the matter may be heard.

must be provided to interested parties. Wyo. Stat. Ann. § 2–7–811(c). Objections to the final report must be in writing and filed with the clerk prior to the date of hearing. Wyo. Stat. Ann. § 2–7–811(d). Objections timely filed are then heard and, upon conclusion of the hearing, the court may enter its order. Wyo. Stat. Ann. § 2–7–811(e).

[¶ 8]　Both parties acknowledge that these procedures were not followed. The Final Report was not set for hearing and, consequently, no notice of the hearing was given. Montgomery–Stryker's objection was filed within the time prescribed in the Notice of Final Settlement of Estate, but the Order Approving Final Report and Accounting and Decree of Distribution was entered before the objection was heard. Montgomery–Stryker is entitled to a hearing on its objection.

### CONCLUSION

[¶ 9]　Based on the foregoing, the Order Approving Final Report and Accounting and Decree of Distribution is hereby vacated and this case is remanded for further proceedings consistent with this opinion.